UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

KYLE SCOTT GOSIK,   Chapter 7
　　　　　　　　　　　Case No. 20-43432-PJS
　　Debtor.　　　　　Hon. Phillip J. Shefferly
_____/

K. JIN LIM, Trustee

　　Plaintiff

v.　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　No. 20-
CARVANA, LLC,

　　Defendant.
_____/

## COMPLAINT

K. Jin Lim, the Chapter 7 Trustee of the bankruptcy estate of Kyle Scott Gosik, by her counsel Sandra O'Connor Law, PLLC, and for her complaint states:

### Jurisdiction

1.　This adversary proceeding is brought pursuant to 11 U.S.C. §§ 547 & 551 and Fed. R. Bankr. P. 7001(1) & (9) to avoid and preserve preferential security interests in vehicles for the benefit of the bankruptcy estate.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). Plaintiff consents to entry of a final order or judgment by this Court.

**Facts**

3. On March 9, 2020, Kyle Scott Gosik ("the Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Plaintiff K. Jin Lim is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

5. The Defendant in this matter is Carvana, LLC ("the Defendant"). The Defendant is an Arizona Limited Liability Company whose registered agent is Corporation Service Company, 8825 N 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

6. On November 29, 2019, the Debtor purchased a 2011 Dodge Challenger (vehicle identification number 2B3CJ7DJ5BH578584) ("the Dodge") from the Defendant. The Debtor executed a Retail Installment Contract and Security Agreement for a total amount financed of $20,727.00 on November 29, 2019 with respect to the Dodge. Upon information and belief, the Debtor took possession of the Dodge on November 29, 2019.

7. The Defendant did not perfect its security interest in the Dodge until January 16, 2020.

8. On December 22, 2019, the Debtor purchased a 2012 Mercedes-Benz M-Class (vehicle identification number 4JGDA5HB4CA018657) ("the Mercedes") from the Defendant. The Debtor executed a Retail Installment Contract and Security Agreement for a total amount financed of $19,243.00 on December 22, 2019 with respect to the Mercedes. Upon information and belief, the Debtor took possession of the Mercedes on December 22, 2019.

9. The Defendant did not perfect its security interest in the Mercedes until March 2, 2020. Collectively, the perfection of the security interests in the Dodge and the Mercedes by the Defendant are hereinafter referred to as "the transfers".

## Count I
**Avoidance and Preservation of Security Interests as Preferences**

10. Plaintiff restates the allegations contained in paragraphs 1 through 9 and incorporates them herein by reference.

11. The transfers were made within ninety (90) days immediately preceding the filing of the petition by the Debtor on March 9, 2020.

12. The transfers were made to the Defendant on account of antecedent debts owed by the Debtor to the Defendant.

13. The debtor was presumptively insolvent when the transfers were made to the Defendant pursuant to 11 U.S.C. § 547(f).

14. The transfers enabled the Defendant to receive more than the Defendant would have received had the transfers not been made and had the Defendant instead

3

received payment of its debts under the provisions of Chapter 7 of the Bankruptcy Code.

15. The transfers constitute preferences under 11 U.S.C. § 547(b), which may be avoided and automatically preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff requests that this court enter judgment avoiding the transfers, and preserving the security interests in the Dodge and the Mercedes for the benefit of the estate.

Respectfully submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: June 9, 2020

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Plaintiff
101 West Big Beaver Road, Suite 225
Troy, MI 48084
(248) 817-6669
sandra@sandraoconnorlaw.com